STATE, EX REL. JAMES S. HENRY, v. CITY COUNCIL OF CAMDEN.

1. Section 26 of the charter of the city of Camden, (*Pamph. L.* 1871, *p.* 224,) enacting that the city council shall be the sole judge of the election returns, and qualification of its own members, is not repealed by the act entitled "An act to regulate elections," (April 18th, 1876, *Rev., p.* 355,) giving jurisdiction to Circuit Courts to hear and determine contested elections of county, township, or city officers. There is no general repealing clause, and if there were, it would not repeal the special provisions of this charter.
2. *Quo warranto,* and not *mandamus,* is the proper writ to unseat a member of council.

On application for *mandamus.* In matter of election for city council.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER, and KNAPP.

For the relator, *Alfred Hugg.*

For the respondents, *James E. Hays.*

The opinion of the court was delivered by

SCUDDER, J. At the annual election in March last (1880), the relator was a candidate for the office of city councilman, in the Seventh ward of the city of Camden. The returns made by the officers of the election, gave the relator a majority of one vote. He appeared at the meeting for organization, after the election, but before he was sworn in office, the contestant, John Stone, made a protest, and presented a petition setting forth that he was legally elected as a member of the common council from the Seventh ward. Whereupon, by resolution, the common council, upon notice to the opposing candidate, made an examination, re-counted the ballots, and finding, as they report, a majority of two in favor of John Stone, resolved that he was entitled to his seat as a member

of the city council from the Seventh ward, and the name of James S. Henry was, by their direction, erased from the roll of members, and that of John Stone inserted. He took the oath of office, and was seated in the place of James S. Henry.

These proceedings were taken under Section 26 of the act to revise and amend the charter of the city of Camden. *Pamph. L.* 1871, *p.* 224. This section enacts "that the city council shall be the sole judge of the election returns, and qualifications of its own members, and keep a journal of its own proceedings."

By an act entitled "An act to regulate elections," approved April 18th, 1876, (*Rev., p.* 355,) it was enacted that the several Circuit Courts of the state shall have jurisdiction to hear and determine all cases in which the election of any county, township, or city officer, by the inhabitants in the respective counties, may be contested, and for that purpose the said courts shall always be open. The act prescribes the cause for which, and the method in which such elections may be contested.

The relator contends that this act of 1876 repealed the twenty-sixth section of the charter of Camden, and that the proceedings of the common council, in unseating him, were without legal authority, and prays for the allowance of a writ of *mandamus*, to re-seat him.

There is no repealing clause in the act of 1876, and if there were such repealer in the general statute, this clause in the charter of a municipal corporation, upon the same subject matter, would not be thereby repealed. *State* v. *Branin*, 4 *Zab.* 484; *State* v. *Clarke*, 1 *Dutcher* 54.

In *McNeely* v. *Woodruff*, 1 *Green* 352, this court said: "Where no repealing words are inserted in the latter act, a strong presumption arises that no repeal was intended, or it would have been expressed. A constructive repeal is always to be examined with some distrust, especially when it goes to abrogate a charter, and destroy rights that were vested under a legal grant."

This general rule of construction applies to municipal corporations as well as to business corporations, where the legislature have the right of repeal. It should appear that the later statute is clearly intended by the legislature to prescribe the only rule which should govern the case provided for, before it will be construed as repealing the original act. *Roche* v. *Jersey City,* 11 *Vroom* 257.

The provision which is found in constitutions and in municipal charters, for the organization of legislative bodies, that they shall judge of the election and qualification of their members, is so common, fitting, and convenient in its operation, that there should be no doubtful expression of legislative intention to take this power out of the charter of the city. There is no language used, or purpose shown, in the act of 1876, to repeal this special authority given to the common council of Camden to judge of the election returns and qualifications of its own members.

How far such a provision in a municipal charter will interfere with the jurisdiction of courts, in their supervisory power over inferior tribunals, by the common law, or by statute, is outside of the present case. It is enough to say that, under this charter, the common council still have the right, in effecting their organization, to judge of the election of their members. If they have such right, then it is their duty to exercise it; and if they refuse, a *mandamus* may issue, to compel them to perform that duty. *State* v. *Rahway,* 4 *Vroom* 110.

If it is the object of the relator to test the power of this court, or of the Circuit Court, under the special provision of this charter, to try the legality of the election of the present incumbent, and to unseat him, he should proceed by *quo warranto,* under the act of 1876, so that the question may be raised in direct proceedings.

The *mandamus* will be refused.